JOSIAH BELLOWS, 3d. et al. *vs.* OLIVER INGHAM, at law. Also, INGHAM *vs.* said PLAINTIFFS, in Chancery.

Essex,
March,
1830.

That a defendant, appearing and answering to an action out of his state, and judgement against him, cannot, when sued upon that judgement in his own state, defend upon the original merits.

Yet a case may exist, in which equity might relieve, but it must be where the merits have not been tried at all.

That the report of referees will be rejected, where they have refused to hear the evidence of an agreement between the parties, that they should exercise chancery powers, if proper evidence for such powers was presented.

The hearing this term was upon the prayer for an injunction upon the suit at law ; also upon exceptions to the report of referees, made in said suit at law. This action was *debt* upon a judgement of the superior court of *New-Hampshire.* It was referred by the agreement of parties at the last term, and their report was now returned into court. They have reported in favor of the plaintiffs, for the amount of the judgement declared upon, and interest on the same. And it appeared, by their report of the proceedings before them, that, after the plaintiffs had produced the copies of the record of said judgement, the defendant offered evidence tending to impeach said judgement, and show that there was no cause of action for which the judgement was rendered—That the plaintiffs objected to this testimony—That the defendant insisted, that, at the time of the reference, it was expressly agreed by the parties, by parol, that the defendant should be permitted to go into evidence before said referees, relating to the merits of said judgement, and offered evidence of such agreement—That this was objected to and excluded—That the defendant then moved for a continuance of the cause to a time beyond the present term of this Court, which was granted on terms with which the defendant did not comply.

Upon the coming in of the report, *Ingham* filed his bill in chancery, praying for relief in the premises, and praying for an

injunction upon the suit at law. The *gravamen* of the bill was that the note was given on a condition of the plaintiff's procuring one *Asa Waters*, to discontinue a suit then pending in their favor against said *Ingham* in *Essex* county ; which he said they never performed ; and yet, contrary to equity, had sued the note, obtained judgment, and were now pursuing the judgment in this Court ; and charged *Samuel A. Pearson*, Esq. with making as plaintiffs' attorney, said agreement of reference, and departing from the same ; and made him defendant in the bill. Said *Pearson* volunteered his answer this term : he denied such an agreement for the referrees to go into the merits of the original judgment : but admitted they were to exercise chancery powers, if proper. The counsel argued both causes together : and the further particulars of the exceptions and bill and answer, and the agreement about going into the merits, are sufficiently alluded to in the opinion of the court; which was pronounced by

HUTCHINSON, J.—The answer of Mr. *Pearson* spreads itself over the whole bill except what relates to the original giving of the note sued in *New-Hampshire*, of which he has no knowledge.— This answer denies the particular agreement about the referees' going into the merits of the original judgement : it refers to, and virtually comprises, an affidavit of the orator, by which he procured a continuance of the suit in *New-Hampshire* : it states that *Esq. Cushman* appeared as counsel for the orator, to defend that suit ; and that a second continuance was obtained on said *Ingham's* waiving his right of review. This pretty much disposes of the equity of the bill. Especially so, as to its bearing upon this suit at law. If *Ingham* thus had notice of the suit in *New-Hampshire*, and appeared and answered, and thus submitted himself to the jurisdiction of that court, he cannot be permitted to go into the merits of that judgement now. The orator's bill avers the grounds and conditions on which this note was given, and avers a non-fulfilment on the part of the payees of the note. But he does not allege, as grounds of equity, any injury from the non-fulfilment.— He does not allege that *Waters*, instead of discontinuing said suit, and commencing one in the Circuit Court, if any where, continued to prosecute the same, so that he, *Ingham*, obtained no benefit from giving the note. I think it probable, from what I recollect of *Waters'* suit against *Ingham*, in the Circuit Court, that he could not make and support such an averment. But we cannot anticipate what will appear in testimony on the hearing of the bill, nor how much the other answers will aid the orator, when they come in. It is sufficient for the present, for us to find, that all the aver-

ments about the reference are alleged as made by *Pearson*, and his denial of them renders it unnecessary to grant an injunction to await the other answers. The injunction is refused.

The exceptions to the report of referees are three : 1st. That the referees ought to have admitted the defendant to impeach the original judgement, upon general principles, treating it as a foreign judgement. This would have been correct, if he, the defendant, had never submitted to the jurisdiction of the court in *New-Hampshire*. But the record shows an appearance, and the bill alleges that *Ingham* took advice of eminent counsel, and followed that advice in relinquishing his defence there, with a view to make the same defence here. This may prove a misfortune to *Ingham*, but it is not according to the current of decisions. The subject has been once or twice raised in the circuit court, and in the state courts. If the defendant stand aloof, and the plaintiff take judgement, it binds what they can catch in that state to satisfy it. But if the defendant stand aloof, and never appears in the action, and the judgement is sued in the state where the plaintiff resides, he may contest the merits. But if he appears and answers, he must make his defence there or nowhere. This exception to the report is overruled. So is that, taken to their not allowing a continuance beyond this term of the Court. It was improper to ask for a continuance in this form. If any thing of this sort, the application should have been for the referees to return their commission without any other report than that they had had no such hearing as to come to a decision. The reasons offered did not urge to this course, especially as the same question might be urged here.

Another exception to the report is, the referees ought to have heard the evidence of the agreement of the parties, that they should go into the merits of the original judgement, and, if the same was proved, go into said merits accordingly. There seems to have been a misunderstanding or misrecollection about this agreement. The affidavit of *Esq. Young* is full that there was such an agreement. *Mr. Pearson* understood it only to give chancery powers. It does not appear what evidence was offered to the referees ; whether it was parol, technically, or in writing, and called parol to distinguish it from the record, the commission, &c. If the former, perhaps they decided correctly in rejecting it ; if the latter, it ought to have been received. The evidence and concessions now before us show, that the plaintiffs' counsel objected to the writing's coming in before the referees : hence a writing was probably offered. If they had received the evidence, they could have made their report of what facts were proved, and placed the questions of law before the Court if they chose.

The parties would have done better to have incorporated their agreement, whatever it was, into the commission, and closed all dispute about it. There seems to have been a misunderstanding about this agreement ; and it is very doubtful whether the defendant can avail himself of his defence in any way. Yet a case may be supposed in which he would be entitled to relief in some way. Suppose the note given by him to the plaintiffs, as he alleges in his bill, to have been given on condition, that the plaintiffs should procure *Waters* to discontinue his suit in this county, and commence in the circuit court, if at all ; and add, what is not alleged in the bill, that the plaintiffs took no measures with *Waters* to effect this ; and that *Waters* pursued his action in this county to final judgement, so that there has been no consideration for this note but what has failed to have the beneficial effect, for which *Ingham* contracted :—In such a case, it would be so inequitable for the plaintiffs to collect this judgement, that probably equity would grant some relief. Now if the agreement was as *Esq. Pearson* understood it, that the referees were to exercise chancery powers, if proper, it was not exactly correct for the plaintiffs to object to the referees hearing the evidence of this agreement, so as to be able to judge whether the evidence offered upon the merits would warrant relief in the exercise of chancery powers. As the defendant has had no hearing upon either of these matters, but his evidence upon both having been excluded, we have come to the conclusion to set aside the report, and let the action stand for trial.

*S. A. Pearson,* for the plaintiffs.

*Young* and *Wm. Mattocks,* for the defendant.