VOLPE CONSTRUCTION CO., INC. *vs.* THE TRUSTEES OF TUFTS COLLEGE.

Middlesex.    November 14, 1972. — January 15, 1973.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Equity Pleading and Practice,* Counterclaim.   *Words,* "Transaction."

A claim by a university in a suit in equity against a contractor of breach of the equal opportunity employment clause of a building construction contract, and a claim in an action of contract subsequently commenced by the contractor against the university of breach of its obligation to pay for labor and materials furnished under the contract, involved breaches of entirely separate contract provisions stemming from different facts, and the contractor was not required by Rule 32 of the Superior Court to set up its claim in its answer to the suit as a "counterclaim . . . arising out of the transaction which . . . [was] the subject matter of the suit" [39-40]; nor was the contractor's claim one "which might be the subject of an independent suit in equity" within a provision of the rule permitting such a claim in an answer in an equity suit, and it was reversible error to sustain the university's answer in abatement in the contract action that the contractor's claim should have been pursued in the equity suit [40-41].

CONTRACT. Writ in the Superior Court dated December 13, 1971.

An answer in abatement was heard by *Tomasello,* J.

*David Berman* for the plaintiff.

*Gordon L. Doerfer* for the defendant.

HALE, C.J.   Volpe Construction Company, Inc. (Volpe) brought this action of contract in the Superior Court against the Trustees of Tufts College (Tufts) to recover money for labor and materials claimed to be due under a written contract for the construction of a college dormitory. At that time there was pending in the same court a bill for declaratory relief brought by Tufts against Volpe to determine the rights and duties of the parties under the same contract as they pertained to the employment of members of minority groups in the construction of the dormitory. (See *Trustees of Tufts College* v. *Volpe Construction Co. Inc.* 358 Mass. 331, which dealt with these issues in detail.) In the instant action, Tufts filed an answer in abatement alleging that Volpe was required to pursue its claim by way of a compulsory counterclaim in Tufts' suit pursuant to Rule 32 of the Superior Court. The answer was sustained after hearing, and this matter is now before us on Volpe's exception to that action.

The issue to be decided is whether, as a matter of law, the trial judge properly sustained Tufts' answer in abatement. Resolution of this question requires inquiry into the intendment of Rule 32 which states in pertinent part: "The answer, without cross bill, *must* set up any counterclaim, against any one or more of the parties, *arising out of the transaction which is the subject matter of the suit,* which might be the subject of an independent suit in equity. The answer *may* set up (a) any counterclaim of a legal nature, against any one or more of the parties, arising out of such transaction, or (b) any counterclaim against the plaintiff alone, not arising out of such transaction, which might be the subject of an independent suit in equity" (emphasis supplied).

As applied to this case the first requirement of the compulsory counterclaim provision of Rule 32, if it applies, would be that Volpe's claim for money due for labor and materials on a construction contract must arise out of the same transaction which was the subject of Tufts' earlier

suit for declaratory relief. Common to both cases is the building contract of August 7, 1968. Each case involves separate controversies as to rights and duties arising out of that contract. Judicial construction of Rule 32 indicates that the word "transaction" must be interpreted with due regard for the underlying purpose of the rule as a whole. "In the rule of court in question it should not be construed narrowly or technically, but should be construed in a sense to effectuate the settlement in one proceeding of controversies *so closely connected* as appropriately to be combined in one trial in order to prevent duplication of testimony, to avoid unnecessary expense to the parties and to the public, and to expedite the adjudication of suits" (emphasis supplied). *Potier* v. *A.W. Perry, Inc.* 286 Mass. 602, 608. *Davis & O'Connor Co.* v. *Shell Oil Co. Inc.* 311 Mass. 401, 405. In the case at bar we appear to be confronted with breaches of entirely separate contract provisions which stem from different factual contexts. We fail to see how facts supporting one claim would be determined with respect to the other. Compare *Minot* v. *Minot,* 319 Mass. 253. Moreover, no logical relationship appears between the issues related to a breach of the equal opportunity of employment clause and those related to the failure to pay for labor and materials under the contract. The two claims do not arise out of the same transaction within the meaning of the compulsory counterclaim provision of Rule 32.

The second and additional requirement of the first sentence of Rule 32 is that the claim be one "which might be the subject of an independent suit in equity." Tufts argues that an action for money due on a contract might be such "subject" as, for example, in a creditor's bill to reach and apply. G. L. c. 214, § 3 (7). Such a construction of Rule 32 was considered in *Potier* v. *A.W. Perry, Inc.* 286 Mass. 602. The defendant in that case counterclaimed for money due for rent under a lease and for electric light furnished to the plaintiff. The court held that "the counterclaim alleged against the plaintiffs by the defendant in its answer is purely contractual in nature. It consists of two debts arising

under the lease .... These are not the subject of an independent suit in equity. They are foundation for an action at law alone. . . ." *Id.* at 607. See *Stubbert* v. *Sergio,* 335 Mass. 91, 93. *Mackey* v. *Rootes Motors Inc.* 348 Mass. 464, 466. Likewise, the instant action for money due on a construction contract is of a purely legal nature. *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 480. Tufts' construction of the compulsory counterclaim provision of Rule 32 would leave few, if any, actions at law outside its scope. It would render virtually meaningless the permissive counterclaim provision of Rule 32 which refers to counterclaims of a legal nature. See generally *Colella* v. *Essex County Acceptance Corp.* 288 Mass. 221, 230.

*Exceptions sustained.*