## Wursthaus, Inc. v. Joseph Cerreta

[539 A.2d 534]

No. 85-454

Present: **Allen, C.J., Hill, Peck and Gibson, JJ.**

Opinion Filed December 11, 1987

*Condon and Butterfield,* Rutland, for Plaintiff-Appellee.

*Keyser, Crowley, Banse & Facey,* Rutland for Defendant-Appellant

**Gibson, J.** Plaintiff sued defendant, guarantor of a certain promissory note, in Massachusetts District Court to enforce pay-

ment of that note. Subsequently, plaintiff sought enforcement of the favorable $80,110.80 judgment in Rutland Superior Court. Defendant counterclaimed for fraud and for fair value of certain collateral held by plaintiff. The trial court accorded full faith and credit to the Massachusetts judgment, and on res judicata, waiver and procedural grounds, granted summary judgment to plaintiff while dismissing defendant's counterclaims. We affirm.

## I.

On appeal, defendant contends that his first counterclaim, which alleged fraud, was not adjudicated on its merits in Massachusetts, and that neither this counterclaim nor his second counterclaim, which sought fair value for collateral, were compulsory counterclaims in Massachusetts. Defendant argues that he should have been permitted to bring these counterclaims in Vermont.

In the Massachusetts action, defendant pleaded fraud as an affirmative defense to plaintiff's suit. On motion by plaintiff, the Massachusetts court eventually struck that defense, under Mass. D. Ct. R. 37, as a sanction for defendant's noncompliance with the Massachusetts rules of discovery.

The burden of undermining the decree of a sister state rests heavily upon the one who assails such decree. *Cook* v. *Cook*, 342 U.S. 126, 128 (1951). Where a party has appeared and answered to an action in another state, and judgment has been rendered against him, he cannot defend upon the original merits when he is sued on the judgment in his own state. *Bellows* v. *Ingham*, 2 Vt. 575, 576 (1830). The bar of res judicata applies when there has been a final judgment on the merits of a case. *Miller* v. *Miller*, 123 Vt. 221, 224, 186 A.2d 93, 95 (1962).

Defendant maintains the Massachusetts court's dismissal of his affirmative defense did not constitute an adjudication on the merits. Because Vermont, Massachusetts and the federal system govern their applicable discovery procedures by almost identically worded rules, the effect given a dismissal within one system deserves careful consideration by the others. See Reporter's Notes, V.R.C.P. 1; *Rollins Envtl. Services, Inc.* v. *Superior Court*, 368 Mass. 174, 179-80, 330 N.E.2d 814, 818 (1975).* Federal courts

---

* In determining whether Massachusetts or Vermont law should apply to the issues presented in the instant case, we determine that Vermont law should govern all procedural aspects of this case. See Restatement (Second) on Conflict of

have long treated dismissal under Fed. R. Civ. P. 37 as an adjudication on the merits, unless otherwise denominated within the order of dismissal. See, e.g., *Wyle* v. *R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 592 (9th Cir. 1983); *Papilsky* v. *Berndt*, 466 F.2d 251, 254-55 (2d Cir.), *cert. denied*, 409 U.S. 1077 (1972). Defendant cites no case law or reasoning which overrides the wisdom of the analogous federal authority. We, therefore, deem the Massachusetts court's dismissal of defendant's affirmative defense of fraud an adjudication on the merits.

■ Defendant maintains, however, that the fraud claim currently asserted differs from the claim previously raised, but he fails to articulate the nature and substance of the difference. Even if, as defendant argues, the theory now advanced differs in nature and substance, it arose out of the transaction in controversy and, as a compulsory counterclaim, should have been raised in Massachusetts under the Massachusetts rules of procedure. Mass. D. Ct. R. 13(a) (possessor of any counterclaim arising out of the same transaction or occurrence must plead that claim in a timely manner). Vermont' rule requiring the pleading of compulsory counterclaims (V.R.C.P. 13(a)) is similar to the Massachusetts rule.

■ A party who fails to plead a compulsory counterclaim in a timely manner does so at great peril. A failure to plead a compulsory counterclaim will result in the barring of litigation of the claim in a subsequent proceeding. *Stratton* v. *Steele*, 144 Vt. 31, 34-35, 472 A.2d 1237, 1239 (1984). See also Reporter's Notes, Mass. D. Ct. R. 13 (such a counterclaim is denominated "compulsory" precisely because failure seasonably to raise it permanently forfeits it). Even if the counterclaim differs to some extent from that alleged in the Massachusetts action, defendant is bound by his failure to raise it therein, and is barred from raising it thereafter. See, e.g., 3 J. Moore, Moore's Federal Practice ¶ 13.13 (2d ed. 1987); 6 C. Wright & A. Miller, Federal Practice and Procedure:

---

Laws § 122 (1971) ("A court usually applies its own local law rules prescribing how litigation shall be conducted . . . ."); § 128 ("The forum will apply its own local law in determining whether a claim may be pleaded by way of set-off, counterclaim or other defense . . . ."); see also *Carver* v. *Adams*, 38 Vt. 500, 502 (1866) (setoff a remedy which must be determined by local law). Given the fact that the applicable Vermont and Massachusetts rules are virtually identical, however, this determination does not affect either our analysis or the outcome of the instant case.

Civil § 1410 (1971), and cases cited therein for examples of slightly altered counterclaims which have been barred under Rule 13 as compulsory counterclaims. Defendant's cited case of *Volpe Construction Co. v. Trustees of Tufts College*, 1 Mass. App. Ct. 38, 40, 294 N.E.2d 476, 478 (1973), is inapposite, because, in that case, breaches of entirely separate contract provisions stemming from different factual contexts were involved, and no logical nexus appeared between the issues related to breach. Here, the fraud claims pled in both the Massachusetts and Vermont actions arose from the same transaction and the same factual context, and a logical relationship existed between them.

In light of the foregoing, application of the bar of res judicata to the instant proceeding will not deprive defendant of due process, *In re Hanrahan's Will*, 109 Vt. 108, 125, 194 A. 471, 479-80 (1937), or accord undue regard for comity.

## II.

Defendant's second counterclaim seeks setoff for the fair value of certain claimed collateral, i.e., a restaurant and fixtures owned by a Massachusetts corporation of which defendant was president and principal owner. The corporation was placed in bankruptcy by defendant, and plaintiff acquired the restaurant from the corporation's trustee in bankruptcy while the action against defendant on the note in Massachusetts was still pending.

Defendant maintains this claim was a permissive counterclaim, and not a compulsory counterclaim. The trial court characterized this claim as an affirmative defense. See V.R.C.P. 8(c) (permits judges to designate a defense as a counterclaim or a counterclaim as a defense when justice so requires). Failure to plead setoff as an affirmative defense results in a waiver of this defense. See *R. Brown & Sons, Inc. v. Credit Alliance Corp.*, 144 Vt. 142, 145-46, 473 A.2d 1168, 1170 (1984). The court's action accords with the scant authority available. See, e.g., *Rosenberg v. Trautwein*, 624 F.2d 666, 670 (5th Cir. 1980); *Chicago Great W. Ry. v. Peeler*, 140 F.2d 865, 868 (8th Cir. 1944) (general rule that setoff is an affirmative defense that must be pleaded). Accordingly, in light of defendant's failure to demonstrate that the trial court abused its discretion in its designation of this claim as an affirmative defense or that its discretion was exercised for reasons clearly untenable or to an extent clearly unreasonable, the dismis-

sal of this claim must be affirmed. *In re T. S.*, 144 Vt. 592, 594, 481 A.2d 21, 22 (1984).

Even if we were to follow defendant's reasoning, we would reach the same result. Prior to the judgment on the note, the bankruptcy trustee sold the defendant's corporation's restaurant, its fixtures and liquor license to plaintiff. Defendant waived appearance, objection and appellate review of the Massachusetts Bankruptcy Court's sale. That judgment, therefore, is entitled to full faith and credit in the absence of a showing that that court lacked jurisdiction or acted to deprive defendant of a reasonable opportunity to be heard. *In re Hanrahan's Will*, 109 Vt. at 125, 194 A. at 479-80.

*Affirmed.*

