## John R. and Joan W. Hall v. John W.S. McCormick

[580 A.2d 968]

No. 89-600

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed July 13, 1990

*Timothy Martin* of Carroll, *George & Pratt,* Rutland, for Plaintiffs-Appellees.

*Reid & Balivet,* Newbury, for Defendant-Appellant.

**Dooley, J.** Defendant appeals from the grant of summary judgment that upheld a New York judgment arising out of defendant's breach of an agreement to purchase real property. Defendant asserts that the New York judgment should not have been accorded full faith and credit. We disagree and affirm.

On December 9, 1987 plaintiffs obtained a default judgment against defendant in the New York Supreme Court for Onondaga County in the amount of $171,628. Defendant moved in that court to vacate the judgment, and on April 19, 1988 the court entered an order conditionally vacating the default. The conditions included defendant's payment of the amount of $76,840 by May 31, 1988 and thereafter his payment of $750 per month on the underlying indebtedness. The order stated that if the May 31, 1988 payment was not met, "then defendant's motion shall be withdrawn voluntarily with prejudice, it being understood that the defendant has expressly waived any right to appeal from this order."

The initial payment was not made, nor were subsequent monthly payments made. Plaintiffs brought the present action on the New York money judgment in the Rutland Superior Court on July 26, 1989. Defendant's principal defense to the Vermont suit was that the April 19, 1988 New York order was based on unauthorized stipulations and agreements of his coun-

sel before the New York Supreme Court. Plaintiffs moved for summary judgment on grounds that there were no genuine issues of material fact and that the New York judgment was entitled to full faith and credit. The motion was granted, and the present appeal followed.

■■ Defendant argues on appeal that the New York judgment was not entitled to full faith and credit because: (1) he did not receive notice of the motion for summary judgment that led to the December 9, 1987 default judgment; and (2) he did not authorize his attorney to stipulate to the order to vacate on the terms announced by the New York court in its April 19, 1988 order. Neither argument is persuasive. Normally, a foreign judgment "is entitled to full faith and credit in the absence of a showing that that court lacked jurisdiction or acted to deprive defendant of a reasonable opportunity to be heard." *Wursthaus, Inc. v. Cerreta*, 149 Vt. 54, 58, 539 A.2d 534, 537 (1987). Whatever argument defendant might have had about lack of notice of the motion for summary judgment that led to the December 9, 1987 order was considered by the New York court in reaching the April 19, 1988 order of vacation. Defendant is not entitled to relitigate the question here. See *In re Hanrahan's Will*, 109 Vt. 108, 125, 194 A. 471, 479–80 (1937).

The second issue requires more analysis. Defendant attacks the New York order made in response to his motion to reopen the New York default judgment because he alleges that his counsel, without authority, stipulated to conditions on the reopening and, as a result, denied him an opportunity to be heard on the merits. Although defendant's position is not entirely clear, he appears to be attempting to fit under either of two recognized exceptions to full faith and credit: (1) the judgment was rendered without adequate opportunity for defendant to be heard, *id.* at 119–20, 194 A. at 476–77; Restatement (Second) of Conflict of Laws § 104 (1971); (2) because of the unauthorized stipulation of defendant's counsel, the New York judgment could not be enforced in New York and, thus, cannot be enforced in Vermont, *Ackerman v. Ackerman*, 676 F.2d 898, 903 (2d Cir. 1982). Neither theory fits the facts of this case.

■ ■ We start with the presumption that a judgment of a sister state is valid; defendant has the heavy burden of undermining the New York order. See *Wursthaus*, 149 Vt. at 55, 539 A.2d at 535. The lack of notice exception applies to situations where the judgment is void in the state of rendition because due process prevents its enforcement. See Restatement (Second) of Conflict of Laws § 104 comment a. Here, defendant had notice of the New York proceeding and chose to appear through counsel. There is no denial of due process even if counsel did not honor defendant's wishes.

■ The second exception is very limited, applying in cases where the state issuing the judgment would allow a collateral attack upon it because it was procured by fraud or under circumstances where equity would afford relief. See generally E. Scoles & P. Hay, Conflict of Laws § 24.17, at 941–42 (1982). Defendant has cited to one use of the doctrine in a situation where a lawyer had the client's case dismissed with prejudice, in contravention of the directions of the client, *Ackerman v. Ackerman*, 517 F. Supp. 614, 620 (S.D.N.Y. 1981), *aff'd on other grounds*, 676 F.2d 898 (2d Cir. 1982), and no uses of the doctrine in the New York courts in cases similar to this. Whatever may have been the authority of the lawyer to act for the client in the New York courts, the lawyer did not extinguish defendant's defenses. Defendant had already suffered a default judgment in the New York courts, and the lawyer was seeking a discretionary remedy from the court to reopen the default under N.Y. Civ. Prac. L. & R. 5015(a). The rule specifically provides for the imposition of terms for reopening. We find nothing in New York law to suggest that the judgment plaintiffs seek to enforce, based on the failure of defendant to comply with the reopening terms, is subject to collateral attack by equitable proceedings even if the lawyer's stipulation to terms was unauthorized. Defendant does not fit within an exception to the application of full faith and credit.

While we have addressed the issues raised as ones of law only, we recognize that defendant argues here and in the trial court that summary judgment was inappropriate because there are disputed issues of material fact. See V.R.C.P. 56(c). As our dis-

position indicates, we find no disputed issues of fact to prevent the grant of summary judgment.

*Affirmed.*