Yanmar Am. Corp. v. Crean Equip., Inc., No. 542-7-10 Rdcv (Teachout, J., Feb. 4, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                           CIVIL DIVISION
Rutland Unit                                             Docket No. 542-7-10 Rdcv


Yanmar American Corp.
      Plaintiff

      v.

Crean Equipment, Inc.
      Defendant

### DECISION
### Plaintiff's Motion for Summary Judgment

This matter is before the court on Plaintiff Yanmar American Corp.'s ("Yanmar") Motion for Summary Judgment filed on August 25, 2010. Yanmar is represented by Mark F. Werle, Esq. Defendant Crean Equipment Co. ("Crean") is represented by Matthew G. Hart, Esq.

Crean is a dealer of farm equipment located in Pittsford, VT. Yanmar is a manufacturer incorporated in Illinois with its principal place of business in Adairsville, Georgia. Crean entered into a contract with Yanmar to sell Yanmar's farm equipment. The contract contained a forum selection clause that stated that Barstow County, Georgia would be the proper forum for all disputes arising out of the contract and that the prevailing party would be entitled to recover reasonable attorney's fees. Crean ran into financial difficulties and was unable to pay for equipment financed under the contract, and Yanmar subsequently repossessed the equipment.

Yanmar brought suit in Barstow County, Georgia, pursuant to the contract, to recover for the deprecation in the value of the repossessed equipment caused by Crean's rental of the equipment, allegedly in violation of the contract. Timothy Crean, president of Crean, was served by in-hand delivery at his usual place of business in Pittsford, VT. Crean appeared in the Georgia action and filed a 12(b)(6) motion to dismiss for failure to state a claim. Crean filled no other preliminary motions and did not contest personal jurisdiction. After the 12(b)(6) motion was denied, Crean failed to file an answer and the Georgia court entered a default judgment against Crean for $40,200.00 on April 26, 2010.

On July 15, 2010, Yanmar initiated suit in this court to enforce to the Georgia judgment. Yanmar has now moved for summary judgment on the basis that this court is required by the Full Faith and Credit Clause of the United States Constitution to enforce the Georgia judgment. In its response to Yanmar's Motion for Summary Judgment, Crean alleges that the Georgia judgment was rendered without personal jurisdiction over it and is therefore invalid. Yanmar counters that Crean is now bound by the Georgia judgment because it appeared in the Georgia proceedings but

failed to contest personal jurisdiction.

To be granted summary judgment, the moving party must demonstrate the absence of a genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(c). The relevant facts involving the entry of the Georgia judgment, as evidenced by a certified copy of the Georgia court's decision, are not in dispute. Because Crean waived its challenge to the personal jurisdiction of the Georgia court and any other defenses in the earlier proceeding, this court will grant Yanmar's Motion for Summary Judgment.

Normally, the judgment of a sister state is entitled to full faith and credit. *Wurthaus, Inc. v. Cerreta*, 149 Vt. 54, 58 (1987). The party attacking a foreign judgment has a "heavy burden" because the foreign judgment is presumptively valid. *Hall v. McCormick*, 154 Vt. 592, 595 (1990). Crean, however, alleges that the Georgia court lacked personal jurisdiction over it, an exception to the general rule granting full faith and credit to foreign judgments. *Lakeside Equipment Corp. v. Town of Chester*, 173 Vt. 317, 321 (2002). Crean is correct in that if it had failed to appear in the Georgia proceeding, it could now argue the issue of personal jurisdiction in this court. *Id.*; see also *Baldwin v. Iowa State Traveling Men's Assoc.*, 283 U.S. 522, 525 (1931) (noting defendant has the option "not to appear at all" if court lacks personal jurisdiction).

Crean, however, did not remain "entirely aloof" from the Georgia proceedings as was necessary to preserve his personal jurisdiction challenge. See 18A Wright, Miller, & Cooper, Federal Practice and Procedure: Civil 2d § 4430 ("Objections to personal jurisdiction remain open to the defendant who remains entirely aloof from the original proceeding…"). Rather, the record reveals that Crean filed a 12(b)(6) motion to dismiss for failure to state a claim in the Georgia court. See O.C.G.A. § 9-11-12(b)(6).[1] This course of action is fatal to Crean's current attempt to challenge jurisdiction. By making such a motion, Crean waived any challenge to the Georgia court's jurisdiction. See *Lakeside Equipment*, 173 Vt. at 321 (noting personal jurisdiction challenges can be waived); see also 18A Wright, Miller, & Cooper, supra, § 4430 ("A defendant who appears to litigate the merits without properly preserving an objection to personal jurisdiction forfeits the right to raise the objection in the initial proceeding and is bound by the resulting judgment.")

As the Georgia procedural rules make clear, Crean waived any challenge to personal jurisdiction by filing only the 12(b)(6) motion. A party who makes a motion under Rule 12 may not subsequently make another motion based on any other available defense under Rule 12, subject to limitations exceptions not relevant here. O.C.G.A. § 9-11-12(g). "Lack of jurisdiction over the person" is another defense available under Rule 12. O.C.G.A. § 9-11-12(b)(2). Therefore, the personal jurisdiction defense is waived if "omitted from a motion in the circumstances described in subsection (g) of this Code section." O.C.G.A. § 9-11-12(h)(1)(A). Because Crean did not raise the issue of personal jurisdiction when making its 12(b)(6) motion, it was waived.

After denying Crean's 12(b)(6) motion, the Georgia Court properly proceeded to enter a default judgment against Crean. Because of the dictates of the Full Faith and Credit Clause,

---

[1] All relevant Georgia Code provisions are identical to the equivalent provisions of the Vermont Rules of Civil Procedure.

Crean cannot now relitigate any defenses it may have had to the underlying claim. Once it filed its 12(b)(6) motion, it waived any potential personal jurisdiction challenge and consented to the jurisdiction of the Georgia court. That action made the Georgia court the proper forum to resolve this matter. This court will now enforce the foreign judgment.

ORDER

Plaintiff's Motion for Summary Judgment is *granted*. Judgment shall be entered in the amount of $40,200.00 plus per diem interest at the Georgia rate of $13.22 per day. Plaintiff is also entitled to reasonable attorney's fees under the dealer agreement. Plaintiff shall submit a request for attorney's fees with supporting documentation, and Defendant shall have 15 days to submit any objection to the amount of attorney's fees requested, specifying the basis for the objection.

Dated at Rutland, Vermont this 2nd day of February, 2011.

_____
Hon. Mary Miles Teachout
Superior Judge

3