*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-046

AUGUST TERM, 2016

| | | |
|---|---|---|
| Unleaded Software, Inc. | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| TNF Gear, Inc. | } | DOCKET NO. 726-7-15 Cncv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Defendant, TNF Gear, Inc., appeals the superior court's order granting summary judgment to plaintiff, Unleaded Software, Inc., on Unleaded's request to domesticate a Colorado judgment for attorney's fees. On appeal, TNF argues that the court abused its discretion in denying its request for additional discovery and enforcing the Colorado judgment. We affirm.

This case follows a 2013 breach-of-contract lawsuit filed by TNF against Unleaded in Colorado. The Colorado court dismissed TNF's claims and entered judgment for Unleaded. Several months later, the court entered a separate order granting Unleaded $46,845 in attorney's fees and costs pursuant to a contractual provision. Unleaded initiated this action to domesticate the attorney's fee order and moved for judgment on the pleadings. TNF opposed Unleaded's request, alleging that TNF was unaware of the attorney's fee award and was entitled to discovery to determine the basis for the judgment and the reasons why TNF was not made aware of the award. TNF submitted an affidavit from its President, averring that he was not aware of the attorney's fees motion at the time it was pending and first heard of it when the Vermont action was filed. In response, Unleaded asserted that TNF's attorneys had notice of the order and in support submitted an affidavit from Unleaded's Colorado lawyer. The affidavit stated the following facts: Unleaded's lawyer notified TNF by email that Unleaded would not waive its claim for attorney's fees; Unleaded's lawyer filed a motion for fees electronically and served it electronically on TNF's counsel; TNF's counsel responded to the email by saying that a check for costs would be forthcoming; TNF did not respond to the motion; and the court's order granting fees was served electronically on TNF's counsel. Several exhibits including the email communications and the court receipt of filing and service were also attached.

The trial court converted the motion into one for summary judgment and allowed TNF a period of time to respond to Unleaded's affidavit and exhibits. In its response, TNF admitted that there were email communications with its attorney, but disputed whether it had notice of the items served on its attorney or of the court's order entering judgment.

Based on the parties' submissions, the court granted summary judgment to Unleaded. The court explained that the undisputed facts showed that TNF's lawyer had notice of the motion and the entry of judgment. The court explained that because notice to an attorney suffices to provide notice to the client it was irrelevant whether TNF's Colorado lawyer told TNF of the fee award. TNF filed this appeal.

We review a summary judgment decision de novo. Clayton v. Unsworth, 2010 VT 84, ¶ 15, 188 Vt. 432. Summary judgment is appropriate if there is no genuine issue of material fact and any party is entitled to judgment as a matter of law. V.R.C.P. 56(a). Here, the legal question is whether the undisputed facts demonstrate that Unleaded was entitled to domesticate its Colorado judgment. There is a presumption that the judgment of a sister state is valid, and the challenger of the order has a "heavy burden" to undermine the order. Hall v. McCormick, 154 Vt. 592, 595 (1990). A judgment that is rendered without jurisdiction, adequate notice, or an adequate opportunity to be heard need not be recognized or enforced. Lakeside Equip. Corp. v. Town of Chester, 173 Vt. 317, 321 (2002) (holding that order of another state is "entitled to full faith and credit in the absence of a showing that the court lacked jurisdiction or acted to deprive defendant of a reasonable opportunity to be heard." (quotation and alteration omitted)); Restatement (Second) of Conflict of Laws § 104 (1971). The notice and hearing requirements are to ensure that a judgment is rendered consistent with due process standards. Restatement (Second) of Conflict of Laws, supra, § 104 cmt. a.

On appeal, TNF argues that the court erred in granting summary judgment and domesticating the order because there are disputed facts concerning whether it had proper notice or an opportunity to participate in the post-judgment proceeding. TNF contends that it should have had an opportunity to conduct discovery on "the genesis of the attorney's fee motion, the notice provided to TNF of the motion for attorney's fees and the resulting judgment in Colorado." TNF argues that the court could not rely on an agency theory because there was no discovery concerning whether TNF and its lawyer continued to have an agency relationship at the time of the post-judgment proceeding.

We conclude that TNF has failed to demonstrate any contested material fact and therefore the court properly granted summary judgment. See Clayton, 2010 VT 84, ¶ 16 (explaining that burden is on nonmoving party to demonstrate trial issues of fact). TNF has not contested the affidavit or exhibits demonstrating that TNF's counsel was notified of both the motion for attorney's fees and the court's resulting judgment. Notice to an agent is presumed to be communicated to the principal; therefore, "because the relationship between attorney and client is that of agent and principal, notice or information conveyed to an attorney will be imputed to the client." Agency of Natural Res. v. Towns, 168 Vt. 449, 453 (1998). Given that TNF's attorney had adequate notice, TNF cannot use lack of notice as a means to challenge the validity of the order. Whether the information was actually communicated to TNF's management is not material.

Further, there is no merit to TNF's claim that an agency theory cannot be relied on because there were no facts to show that counsel continued to have an agency relationship with TNF at the time judgment was entered. Unleaded submitted facts showing that an agency relationship existed. In one exhibit, TNF's counsel referred to TNF as "my client" in an email to Unleaded post-judgment. Further, the filing receipt from the court shows TNF's counsel remained counsel of record at the time the motion was filed, and when the order was issued. In its response to these

undisputed facts showing the existence of an attorney-client—thus agency—relationship, TNF did not assert that the agency relationship had ended or submit evidence showing that the agency relationship was severed prior to TNF's attorney's notice of the motion for fees, let alone judgment issuing.  Therefore, the court did not err in relying on the undisputed facts and granting summary judgment.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice