Vermont Superior Court
Filed 10/25/24

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-02801

---

James Burke v Nicholas Deml et al

---

Opinion and Order Following Trial

This matter came before the court for hearing on Plaintiff's complaint seeking recalculation of his sentence by the Department of Corrections (DOC). Plaintiff was present and represented himself. The Defendants were present and were represented by Assistant Attorney General Menzel. The Court held a hearing at which both Plaintiff and a witness from the DOC, Ms. Bevins, testified. The Court makes the following determinations.

Findings of Fact

There is little disagreement regarding the facts of this matter. Plaintiff was arrested in Washington state on May 24, 2005, pursuant to a Vermont arrest warrant. Exhibit A. The arrest warrant was issued in Dockets 3905-7-04 CNCR, a felony docket, and Docket 5956-10-01 CNCR, which was a case alleging a violation of probation. The arrest warrant provided for $100,000 bail on the former offense and that the Plaintiff would be held without bail on the latter offense.

Plaintiff returned to Vermont and was prosecuted on those dockets. Additionally, he was prosecuted under Dockets 6303-11-03 CNCR and 6304-11-03 CNCR, which were both misdemeanor offenses.

1

Plaintiff was tried and convicted on the misdemeanor dockets and was sanctioned with additional time for contempt of court on October 2, 2006. He was given a sentence of 21 months and 118 days to 24 months and 120 days. Exhibit F.

Initially, he was not given credit for the time between when he was arrested and jailed in Washington state and his return to Vermont in October 2005. In February 2007, however, the sentencing court issued an amended *mittimus* giving him credit for the 141 days he was initially in custody following his arrest. In March 2007, DOC afforded that credit to him on the matters that he was incarcerated for on October 2, 2006.

In 2007, Plaintiff was sentenced on other charges that ran concurrently with the above charges.

Plaintiff finished serving his sentences on the above matters in 2009. He remained in jail, however, as he continued to be subject to bail in felony Docket 3905-07-04 CNCR. As a result, there was a lengthy period where he was being held on multiple charges and dockets from his original arrest going forward.

In October 2010, following a conviction by a jury, he was sentenced in Docket 3905-07-04 CNCR. As noted, he had been held on the original $100,000 bail on that charge since his arrest in Washington in 2005. The sentencing court did not specify whether the sentence in Docket 3905 was to run consecutive to or concurrently to the ones on which he had previously been found guilty and had served time while Docket 3905 was pending.

2

Under such circumstances, the DOC presumed the sentencing *mittimus* to run concurrently to the prior sentences. It performed a sentencing calculation that placed Plaintiff's minimum release date at October 14, 2023, thereby giving him "double credit" for the time when the prior sentences overlapped with Docket 3905.

Subsequently, in early 2012, Plaintiff entered into a plea agreement regarding Dockets 3905 and 173-7-04 CNCR. The Court record from Docket 3905[1] indicates that, as part of that agreement, Plaintiff agreed that the sentence issued in October 2010 would be amended to correct a "clerical error" and to confirm that the sentence in Docket 3905 was to run *consecutive* to Plaintiff's prior cases. The Docket states:

> Entry Order: As part of plea agreement parties agree to amend sentence on this docket as part of clerical error so that deft's sentence on this docket will run cons. to 6303/4-11-03Cncr;5956-10-01 Cncr;4417-8-03Cncr;5040-8-01Cncr.
> Sentence Amended on dispute 1: to serve 18 year(s) to 20 year(s) cons. to 6303/4;5956;4417; cons. to 5040.
> Sentence on dispute 1 to start on 10/11/10 per Judge James R. Crucitti.
> Docket 3905-7-04(sexual assault) will be consecutive to the following dockets: 6303-11-03Cncr; 6304-11-03Cncr;5956-11-01Cncr;4417-8-03Cncr;5040-8-01 Cncr Amended Mittimus to Commissioner of Corrections issued.

Thereafter, DOC received the amended sentencing *mittimus* in Docket 3905. Based on the clarification that the 2010 sentence in that docket was to run consecutively to Plaintiff's other dockets, DOC recalculated his sentence. Exhibits

---

[1] At trial, Plaintiff agreed that the Court could review and take note of the docket record in Docket 3905. It has performed that review. As a result of that examination and the entry noted in text, the Court has no need to rule on Defendant's request for the Court to take judicial notice of additional records in Docket 173-1-07 CNCR.

A, B, and E. As a result of that recalculation, Plaintiff no longer received credit in Docket 3905 for the period of his incarceration that overlapped with his prior sentences. Accordingly, DOC deducted 1,818 days of credit and changed Plaintiff's minimum release date to the summer of 2031.

Analysis

Vt. R. Civ. P. 75. allows limited judicial review of governmental administrative decisions, but only "if such review is otherwise available by law." The Vermont Supreme Court has interpreted this provision to mean that review is allowable if it "is provided by the particular statute establishing an agency," or falls under one of the common law writs, namely: *certiorari, mandamus*, or prohibition. *Rheaume v. Pallito*, 2011 VT 72, ¶¶ 9–10, 190 Vt. 245, 250. Here, as there is no statutory right to review, this Court has jurisdiction only if one of those writs is applicable.

Review under a writ of *certiorari* allows judicial examination of decisions taken by public officers that are quasi-judicial in nature. The DOC's actions in this instance are not reviewable under *certiorari* because, in calculating Plaintiff's sentences, the DOC is not acting in a quasi-judicial capacity – *i.e.,* as a court. Instead, it is fulfilling its duties under 13 V.S.A. §§ 7030–7045, to calculate a prisoner's effective sentence. Like the programming decisions at issue in *Rheaume*, sentence calculation simply is not quasi-judicial in nature. *See Rheaume*, 2011 VT 72, ¶ 10, 190 Vt. at 250 (DOC is not "performing the functions of a quasi-judicial body when it establishes programming requirements.).

4

Nor is review available in this instance under a writ of prohibition. "The function of a writ of prohibition is to prevent the unlawful assumption of jurisdiction by a tribunal contrary to common law or statutory provisions." *In re Mattison*, 120 Vt. 459, 463 (1958). Prohibition is plainly inapplicable here because the Department has the responsibility to perform sentence calculations. *Cf. Ala v. Pallito*, No. 2013–434, 2014 WL 3714892, at *1 (June 2014) (unpub. mem.) (Department's conduct in dispensing medications within its authority and not reviewable under writ of prohibition); *Rheaume*, 2011 VT 72, ¶ 6, 190 Vt. at 249 ("There is no question that the structuring of programming requirements is within the agency purview of the [Department]; thus Rule 75 review cannot be derived from this writ.").

Plaintiff's only possible avenue of review is pursuant to a writ of *mandamus*. *Mandamus* is a remedy wherein the Court "require[s] a public officer to perform a simple and definite ministerial duty imposed by law." *Sagar v. Warren Selectboard*, 170 Vt. 167, 171 (1999). For it to apply, there must be a statutory limitation on the Department's discretion. *See Rheaume*, 2011 VT 72, ¶¶ 9–10, 190 Vt. at 250.

The Supreme Court has indicated that, at least some, sentencing calculation errors are reviewable pursuant to Rule 75. *See, e.g., State v. Young,* 2007 VT 30, ¶ 4, 181 Vt. 603, 604. Although it did not link those cases to a particular common-law writ, the Court presumes the High Court was focused on the writ of *mandamus*. The Court believes DOC has no discretion to fail to follow the dictates of a sentencing *mitimus*, to make a calculation error, or to not afford an inmate proper

5

credit in light of such evidence and governing law. The Court will proceed to consider Plaintiff's claim on that basis.

Given the above, Plaintiff's claims are easily addressed. First, the evidence convincingly shows that DOC afforded Plaintiff full credit for the time between when he was arrested in Washington and returned to Vermont. Ms. Bevins and the records submitted by DOC support that conclusion.

Second, Ms. Bevins' testimony and the DOC records also show that DOC has correctly calculated Plaintiff's sentence in accord with the amended sentencing *mittimus* issued by the Chittenden County Criminal Division in Docket 3905-07-04 CNCR. Vermont law is clear that, where consecutive sentences are involved, a prisoner does not get to "double count" his days served on overlapping sentences against both sentences. 13 V.S.A. § 7031(b)(1). In this case, for a period of time, Plaintiff was in jail under his prior sentences and was also being held under Docket 3905. When the Court sentenced him consecutively on that docket, many of those days, as a matter of law, counted only towards his prior sentences. *Id*.

As the Supreme Court has stated:

> the crucial factor … is whether the earlier and later sentences are to be served concurrently or consecutively…. [G]iven that defendant's convictions on the second set of charges were imposed consecutively to his initial sentence, he was not entitled to double credit for the time he was incarcerated following his arrest on the second set of charges ….

*State v. Aubuchon,* 2014 VT 12, ¶ 26, 195 Vt. 571, 585–86; *see State v. Blondin*, 164 Vt. 55, 64 (1995).

6

Plaintiff's arguments against that result are actually quarrels with the amended sentencing *mittimus* that ordered the sentences to be calculated consecutively. He makes general legal arguments that allowing his prior convictions—the sentences for which concluded in 2009–to be "brought back to life" amounts to double jeopardy, or violates the Common Benefits Clause, or the Fifth Amendment, or the Eighth Amendment, or Due Process. None of these arguments is supported by controlling case law offered by Plaintiff. Plaintiff has not been twice put in jeopardy or otherwise mistreated in a constitutional sense when a court determines whether a sentence should run concurrently or consecutively. The 2010–11 sentencing determined only how the sentence for Docket 3905 was to be computed and did not impact Plaintiff's prior sentences. Accepting Plaintiff's argument would mean that the sentencing court in Docket 3905 could only have imposed a concurrent sentence. That is not the law.

Additionally, such concerns are raised in the wrong proceeding. The scope of this *mandamus* action is to determine whether DOC acted according to the relevant sentencing *mittimuses* and controlling law in calculating Plaintiff's sentence. It did so. To the extent Plaintiff maintains that the Court's decision to amend his sentencing *mittimus* to make his 2010–11 sentences consecutive somehow violated the law, that argument needs to be raised in a post-conviction proceeding where such matters can be investigated and adjudicated.

Even if this were the appropriate forum, the Court would conclude that Plaintiff has not established his claim in that regard. First, the Court finds that

7

such an assertion would be barred by *res judicata*.  Plaintiff attempted to vacate the plea agreement that resulted in the amended *mittiumus* on direct appeal, which was denied.  *State v. Burke*, No. 2012-111, 2012 WL 6633704 (Vt. Dec. 13, 2012) (*unpub. mem.*).  He also attempted to vacate it in a later post-conviction proceeding, which was dismissed based on grounds of *res judicata*.  *In re James T. Burke*, No. 23-AP-020 (Vt. July 21, 2023) (*unpub. mem.*).  A third attempt in this action would also be barred by claim preclusion.  *See State v. Carroll*, 171 Vt. 395, 397–98 (2000) ("Res judicata, or claim preclusion, generally bars the litigation of a claim if there exists an earlier final judgment in which the parties, subject matter and causes of action are identical or substantially identical." (internal quotation omitted)).

Second, even ignoring that bar, Plaintiff has put forth no grounds for or argument why the plea agreement should be invalidated or interpreted differently.  Plaintiff did not offer in evidence the actual plea agreement in support of his claims.  Indeed, at trial, Plaintiff indicated a lack of memory of such an agreement.

WHEREFORE, the Court concludes that DOC has properly calculated Plaintiff's sentence based on the sentencing *mittimuses* issued by the sentencing courts.  In sum, there were periods where Plaintiff was serving time on dockets 3905-1-04 CNCR (and 173-1-07 CNCR[2]), and on his prior dockets.  The sentencing *mittimus* for the Docket 3905 directed that such time would count only towards the prior dockets.  The DOC's calculations were accurate.

---

[2] The Exhibits show that the sentence in Docket 173 was to run consecutively to Docket 3905.  Plaintiff does not contest that aspect of the computation.

Accordingly, Plaintiff's claims are denied.

Electronically signed on Friday, October 25, 2024, per V.R.E.F. 9(d).


Timothy B. Tomasi
Superior Court Judge