## SOCIETY FOR PROPAGATING THE GOSPEL IN FOREIGN PARTS *vs.* ARDEN H. BALLARD and WILLIAM BALLARD.

One cannot be legally made a defendant in a suit at law, unless he be served with process in some way provided by statute ; and

Where a landlord in ejectment resided out of the state, and a writ, sued out against him, having been returned *non est inventus,* the court directed notice of the pendency of the suit to be given by publication in a newspaper, and he subsequently appeared and answered to the action,—it was decided that he be dismissed therefrom with cost.

This was an action of *ejectment.* The writ was duly served on *William Ballard,* and a regular *non est inventus* was made as to the person and property of *Arden H. Ballard.* The action was entered on the docket of the county court, as against both defendants. And after one or two continuances, the court, at the request of the plaintiffs, made an order that notice to *Arden H. Ballard,* of the pendency of the action against him, be published in the newspapers, the same as though the writ had been duly served upon him. This order of notice was published in the newspapers, as required by the court; and after its publication, *Arden H. Ballard* appeared in the action, and filed the following plea, or motion :

"*Franklin county court, September term,* 1830. And now "the said *Arden H. Ballard,* in court by his attornies, comes "and moves this honorable court, that said cause may be dismis- "sed as to the said *Arden H. Ballard,* because he says, that said writ "has never in any manner been served upon the said *Arden H.,* "as will appear by said officer's return on said writ. Wherefore, "the said *Arden H.* prays that said suit, as to him, be dismissed; "and for his costs."

*Replication the same term* : "And now the plaintiffs, in reply "to the plea of the defendant, say, that the said cause ought not "to be dismissed as to the said *Arden H. Ballard,* because they "say, that he, the said *Arden,* at the time of the service of said "writ, was not an inhabitant of this state, nor had he resided in

Franklin,
January
1832.
————
Society, &c.
vs.
Ballard et al.
" it, for a number of years, nor has since resided in this state.
" Nor had the said *Arden* any family here, or personal property
" within the knowledge of the plaintiffs, which might have been
" attached on said writ. But the said *Arden*, at the time of the
" commencement of this action, resided in the territory of Michigan,
" and no service could have been made on him, except in the
" manner which has been adopted in this case, by publishing in a
" newspaper by order of court. And the plaintiffs further say,
" that the said *Arden*, is the landlord, and is required by statute
" to be made a defendant in this suit.

This replication was demurred to ; and there was a joinder in
demurrer. And afterwards, at the December adjourned term,
1830, the county court rendered judgement, that the replication
is insufficient in law, and that the said *Arden H. Ballard* be dis-
missed with his costs, taxed and allowed at $9,38. To which
decision the plaintiffs excepted, and the case was thereupon re-
served for the opinion of this Court.

*Aldis and Davis, for the plaintiffs.*—The case shows that *Ar-
den H. Ballard* is the landlord, and *William Ballard* the tenant,
holding under him ; and the statute (p. 84) makes it necessary
that the suit should be brought against both ; and if it had been
otherwise brought, the suit must have abated. *Arden H. Bal-
lard* resides in the territory of Michigan, and had no property
here ; of course, no personal service could have been made on
him. The statute (p. 64–65) provides, that writs of summons or
attachment shall be served by delivering the defendant a copy
thereof, or by leaving such copy at the house of his usual abode ;
and if the defendant do not reside within this state, and real estate
be attached, then the copy is to be delivered to his tenant, agent
or attorney, if any be known ; and if no agent, tenant or attorney,
be known, then a copy must be left with the town clerk ; and if
personal property be attached, then at the place where the prop-
erty is attached.

It will be seen that the statute requires a copy to be left only
where the defendant is an inhabitant of the state, or where real or
personal property is attached. In this case the defendant, *Arden
H. Ballard*, was not an inhabitant of this state, and no property
was attached. The requirements of the statute respecting the
leaving a copy cannot, therefore, apply to him ; for it would be
idle to pretend that the officer must go out of the state to serve the
writ. If a copy had been left at some place where the said *Arden*
had formerly resided in this state, or with some agent or attorney,

FRANKLIN,
*January*
1832.

Society, &c.
*vs.*
Ballard et al.

if any were known, it would have been nugatory, because not required by the statute.

A case like the present is not provided for by any particular statute ; it must, therefore, be subject to the general laws of the land, taken in connection with that part of the statute which requires the landlord to be joined with the tenant. The legislature would never have directed the landlord to be joined, if it had not supposed he could, in all cases, be legally brought into court. We must, therefore, presume that the landlord can be legally made a defendant in court, though he reside out of the state, and no process be served on him. Now it is contended, that the only legal mode of making *Arden H. Ballard* a defendant, was that which was adopted in this case, by making a *non est* return, entering the cause in court, and publishing as in cases where the defendant is out of the state at the time the suit is brought, and has not had notice. If such proceedings are not sufficient to make him legally a party on the record, then there is no way in which he can be sued. If there be any question respecting the legality of these proceedings, his appearance in court, and answering to the cause, is presumed to remove all doubts on the subject.

*Smalley and Adams, for the defendant.*—The plaintiffs say that *A. H. Ballard* was the landlord of *Wm. Ballard,* and ought to have been joined in the suit. Admitting that *A. H. Ballard* is not an inhabitant of this state, and has no personal property here ; that he is landlord, and ought to be joined in this suit,—it is difficult to comprehend how the plaintiffs can legitimately draw from these premises the conclusion that they could sue *A. H. Ballard,* or take an illegal course to make him party to the record. It is now universally the received opinion that a judgement is not binding *in persona* when the person is not within the jurisdiction of the court rendering judgement. Will the court aid the plaintiffs in an attempt to acquire a fruitless jurisdiction, or subject the defendant to the hazzard hereafter of an irregular proceeding? The judgement of the court, if it have any jurisdiction, must be *in rem* ; and the plaintiffs rest the regularity of their proceedings on the necessity of joining the defendant, *A. H. Ballard,* and the fact that there is no *res* upon which to found jurisdiction.

BAYLIES, J., *delivered the opinion of the Court.*—The statute requires, that ejectment should " in all cases be as well against the " landlord or landlords, if any there be, as against the tenant, or

FRANKLIN,
January,
1832.

Society, &c..
vs.
Ballard et al.

"tenants in possession of the premises demanded; and if any "such action be otherwise brought, the same shall, on motion, be "abated."—(*Revised Statutes, chap.* 7, *s.* 88.)   When the writ issues against the landlord and tenant, and is delivered to a proper officer to serve and return, and the officer serves the writ on the tenant, and makes a *non est inventus* as to the person and property of the landlord, and the writ is returned to court, and entered upon the docket as against the tenant only, it cannot be supposed that the action would abate for not joining the landlord.   The landlord is joined in the writ, and the plaintiff did what he could to have the writ served on him, but failed.   This most assuredly is no cause of abatement within the purview of the above statute. But we have no law to make a landlord, who is joined with his tenant in the writ, a defendant in the action, if the writ be not served on him in some one of the ways prescribed by statute.   In the case before us, the writ was not served on *Arden H. Ballard* in any way whatever; therefore, without his consent, he cannot be a defendant in the action.   The plaintiffs causing his name to be entered on the docket as defendant, gave the court no jurisdiction over him.   And the plaintiffs' subsequently procuring an order of notice to be published in the newspapers, of the dependency of the action against him, was equally unavailing; for it is only in a case, where the writ *has been served* on the defendant in his absence, that the court is authorized to make such order; and not in a case, where there has been *no service* at all.—(*Revised Statutes, chap.* 7, *s.* 55.)   But it is contended by the plaintiffs that *Arden H. Ballard's* appearance in court, and answering to the action, cured all prior defects. It is observable, that *A. H. Ballard* made his appearance, not to plead to the merits of the action, but merely to be dismissed, because there had been no service of the writ on him.   In the case of *Wilson* vs. *Laws*, (1 *Salk.* 59,) the court say, "appearance helps only, when the party comes in and pleads to issue; not when the party comes in and challenges the process upon account of its defects;" and refer to 1 *Ro.* 789; *Bul.* 142; 2 *Cro.* 284; *Yelv.* 204   In the case of *Westall* vs. *Finch*, (*Barnes*, 406,) "the defendant moved to stay the proceedings, the process not having been served upon him, but upon another person, and obtained a rule to show cause.   Upon showing cause, it was insisted by the plaintiff, that although the process might be served upon a wrong person, yet an *appearance* being now entered, the defendant was in court, and the mistake was aided.   But *per. cur.*; the appearance is entered by plaintiff according.

to the statute : this act by no means corrects the mistake. Let the rule be absolute."

Perhaps, it might be difficult to reconcile all the authorities on this subject ; but we are inclined to believe, that the appearance of *A. H. Ballard*, made for the purpose it was, did not cure the defects complained of, and the county court did right in dismissing him. But whether he should have costs allowed him is a question of some importance, as it respects practice.

I know of no case, where a person who had not been served with process, and by *accident* or *mistake* his name was entered on the docket, as one of the defendants in the action, has *appeared* to ask the court to *be dismissed with costs*. If his name is there by *accident* or *mistake*, it should be erased from the docket, without costs to be paid him by the plaintiff. But in the case before us, the name of *A. H. Ballard* was entered upon the docket by the procurement of the plaintiffs, with a view of making him one of the defendants in the action. Then this entry was not made by *accident* or *mistake*, and *A. H. Ballard* having been notified by the newspapers, that the plaintiffs had this action pending against him, had a right to appear, resist their irregular proceedings, and recover his costs.

The judgement of the county court<br>is affirmed, with additional costs.