### Balair, Ltd. v. Alex Bordet a/k/a Alexandre Bordet

[332 A.2d 804]

No. 55-74

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed February 4, 1975

*John M. Dinse, Esq.* of *Dinse, Allen & Erdmann,* Burlington, for Plaintiff.

*Andrew G. Pepin, Esq.,* Newport, for Defendant.

**Smith, J.** This is an appeal by the defendant from a judgment for the plaintiff in the Orleans County Court, sitting in Chittenden County by agreement, and for the convenience, of the parties.

Defendant Bordet presented two checks totaling $72,821.88 to the plaintiff, Balair, Ltd. The checks were dishonored by the defendant's bank in Montreal, Canada, for lack of funds. Balair, Ltd. is a Swiss corporation. The defendant, Bordet, is a citizen of Canada. The sole issue presented here is the question of jurisdiction of the trial court.

The defendant owned a tract of land in the Town of Jay, Orleans County, State of Vermont. Plaintiff attached such land by a writ of attachment dated August 23, 1972, and served on the Town Clerk of Jay the same day. Prior to attachment, the writ was filed with the clerk of the Orleans County Court.

On August 29, 1972, the plaintiff had the defendant personally served in Montreal, Canada, with the complaint, summons and writ of attachment with the officer's return thereon in accordance with V.R.C.P. 4(e) (1) and (2). The defendant, by his attorney, appeared and answered the complaint on December 4, 1972. Bordet was present personally at the hearing before the court on November 30, 1973.

The defendant did confer *in personam* jurisdiction on the lower court by entering his appearance and testifying in the hearing on the cause. Such fact is unimportant because the plaintiff does not claim *in personam* jurisdiction by the then Orleans County Court (now Orleans Superior Court) but that the court had jurisdiction *in rem.*

Our statutes contemplate permissible actions where neither the plaintiff or defendant reside in the state when real estate located in Vermont is involved. "If neither party resides in the state, the action may be brought in any county. Actions concerning real estate shall be brought in the county in which the lands, or some part thereof, lie." 12 V.S.A. § 402(a).

In the case at hand the defendant admitted that he was the owner of the property situated in Jay, which was attached by

the plaintiff. What the plaintiff was doing was utilizing the Vermont land as a predicate of jurisdiction.

In the instant case the land was attached before a judgment so that it came within the control of the court before hearing. The property to be dealt with was at the very center of the controversy and identified with the interests sought to be disposed of. *Pennoyer* v. *Neff*, 95 U.S. 714, 727 (1877).

V.R.C.P. 4(e) (1) and (2) contain the following provisions:

> (e) The following persons may be served with the summons and the complaint outside the state, in the same manner as if such service were made within the state, by any person authorized to serve civil process by the laws of the place of service or by a person specifically appointed to serve it:

> (1) A person whose contact or activity in the state or such contact or activity imputable to him is sufficient to support a personal judgment against him;

> (2) A person whose interest in, title to, or right to the possession of goods, chattels, rights, credits, land, tenements or hereditaments in the state has been attached or secured by trustee process in the commencement of the action, or will be affected by a judgment in the action.

"The power of the state to proceed against the property of an absent defendant is the same whether the obligation sought to be enforced is an admitted indebtedness or a contested claim. It is the same whether the claim is liquidated or is unliquidated, like a claim for damages in contract or in tort. It is likewise immaterial that the claim is at the commencement of the suit inchoate, to be perfected only by time or the action of the court. The only essentials to the exercise of the state's power are presence of the res within its boarders, its seizure at the commencement of the proceedings, and the opportunity of the owner to be heard." *Pennington* v. *Fourth National Bank*, 243 U.S. 269, 271–72 (1917).

That this has been the law of this jurisdiction is indicated in the early case of *Sawyer* v. *North American Life*, 46 Vt. 697 (1874), at 704–05, where this Court stated:

When there is property of a defendant in a suit, situated in this state, although neither defendant or plaintiff is here so that personal service can be made, a suit may be brought here and maintained for the purpose of obtaining a judgment of the courts here upon the cause of action, and a sequestration of the property in satisfaction of the judgment.

There is no doubt that the lower court had subject jurisdiction in the case before it, and we find no error. Apparently, through some neglect, the judgment order was also signed by the Assistant Judges of Chittenden County, where the hearing was held, as well as by the Superior Judge presiding over the Orleans County Court. Because the cause was heard by the Superior Judge presiding in Orleans County, sitting alone, the signatures of the Assistant Judges of Chittenden County are mere surplusage and can be disregarded.

*Judgment affirmed.*