594 S.E.2d 538

FLEET CAPITAL LEASING—TECHNOLOGY FINANCE,
formerly Sanwa Leasing Corporation, Respondent,

v.

SEAL JET OF THE CAROLINAS, INC. f/k/a American
High Performance Seals, Inc., Appellant.

No. 3761.

Court of Appeals of South Carolina.

Heard Oct. 7, 2003.

Decided March 15, 2004.

Brian Dumas and Joseph M. McCulloch, Jr., both of Columbia, for appellant.

Anthony D. Hoefer, of Sumter, for respondent.

HOWARD, J.:

Fleet Capital Leasing—Technology Finance ("Fleet") sought to enforce a Michigan default judgment against Seal Jet of the Carolinas, Inc. ("Seal Jet") pursuant to the Uniform Enforcement of Foreign Judgments Act, South Carolina Code Annotated section 15–35–900–960 (Supp.2002). Seal Jet defended, asserting the default judgment was void because the Michigan court did not have personal jurisdiction over it. The circuit court found Seal Jet made a general appearance in the Michigan case, and thus, the Michigan court had personal jurisdiction. Furthermore, the circuit court entered the judgment of $18,345.97, plus interest, against Seal Jet. Seal Jet appeals, arguing the circuit court erred by holding res judicata precluded Seal Jet from raising the issue of personal jurisdiction as a defense to the South Carolina proceeding. We reverse and remand.

## FACTUAL/PROCEDURAL BACKGROUND

Fleet brought suit in Michigan against Seal Jet, alleging it was formerly known as American High Performance Seals, Inc. ("American"), and was liable for breach of various leases signed by American. The complaint alleged the leases were subject to Michigan law.

Daniel Hughes, President of Seal Jet, was served with the summons and complaint. Hughes responded to the suit by writing a letter to the Michigan District Court denying Seal Jet was a party to the leases and asking for a jury trial.

The Michigan court viewed this letter as Seal Jet's answer to the lawsuit. Fleet moved to strike the answer, arguing a corporation can only appear through a licensed attorney.

Fleet asserted the answer was therefore void and should be stricken.

The Michigan District Court granted Fleet's motion, striking Hughes' letter. Further, because this meant Seal Jet had not answered the complaint, the Michigan court entered a default judgment against Seal Jet.

Fleet then submitted its Notice of Filing of Foreign Judgment to the South Carolina circuit court to enroll the Michigan judgment in South Carolina pursuant to the Uniform Enforcement of Foreign Judgments Act. Seal Jet filed a motion for relief from the judgment. Seal Jet asserted that the Michigan court did not have personal jurisdiction over Seal Jet and that Seal Jet and American were separate entities. Seal Jet also contested the merits of the underlying suit.

The circuit court ruled Seal Jet could not contest the merits of the Michigan action because to do so would be an impermissible collateral attack in violation of the Full Faith and Credit clause of the United States Constitution. U.S. Const. art. IV, § 1. Relying upon this court's opinion in *Colonial Pacific Leasing Corp. v. Taylor*, 326 S.C. 529, 484 S.E.2d 595 (Ct.App. 1997), the circuit court concluded Seal Jet had made a general appearance in Michigan by means of Hughes' letters [1] and was precluded by principles of res judicata from arguing the Michigan court did not have personal jurisdiction. The court entered judgment against Seal Jet in the amount of $18,345.97 plus interest. Seal Jet appeals.

## LAW/ANALYSIS

Seal Jet argues the circuit court erred by holding res judicata precluded Seal Jet from raising the issue of personal jurisdiction as a defense in the South Carolina proceeding. We agree and remand.

■ The Full Faith and Credit Clause of the United States Constitution requires the courts of one state give "such force

---

1. Hughes wrote several letters to the Michigan District Court arguing the merits of his defense and asking for procedural guidance. All of the letters were written by Hughes as the president and presiding officer of Seal Jet. There was no intercession by an attorney on behalf of Seal Jet, and ultimately, none of Hughes' letters was recognized by the Michigan court as a basis for relief.

and effect to a foreign judgment as the judgment would receive in its own state." *Taylor,* 326 S.C. at 532, 484 S.E.2d at 597; *see* U.S. Const. art. IV, § 1 ("Full Faith and Credit shall be given in each State to the public acts, records, and judicial proceedings of every other State."). However, "[t]he Full Faith and Credit Clause does not prevent the litigation of personal jurisdiction in an action to enforce a foreign judgment" if the party did not make a general appearance in the foreign jurisdiction. *Taylor,* 326 S.C. at 532–33, 484 S.E.2d at 596–97 ("Only a defendant who 'remains aloof' by not making an appearance and has a default judgment entered against him may contest the issue of personal jurisdiction in a later proceeding."); *see Alladin Plastics, Inc. v. Wintenna, Inc.,* 301 S.C. 90, 92, 390 S.E.2d 370, 371 (Ct.App.1990) ("[A] court is bound to enforce the judgment of a court in another state only if the court in the other state had jurisdiction to render the judgment."); *see also Taylor,* 326 S.C. at 533, 484 S.E.2d at 597 (" 'A defendant who appears [in the foreign jurisdiction] to litigate the merits without properly preserving an objection to personal jurisdiction waives the right to raise the objection in the initial proceeding and is bound by the resulting judgment.' " (quoting Charles A. Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure* § 4430 (1981))).

■ In determining whether a party made a general appearance in the foreign jurisdiction, the laws of the state that rendered the judgment must be applied. *Loyd & Ring's Wholesale Nursery, Inc. v. Long & Woodley Landscaping and Garden Center, Inc.,* 315 S.C. 88, 91, 431 S.E.2d 632, 634 (Ct.App.1993) ("The validity and effect of a foreign judgment must be determined by the laws of the state that rendered the judgment."). Therefore, we look to Michigan law to resolve the issue of whether Hughes' letter served as a general appearance by the corporation, Seal Jet.

In Michigan, any action on the part of a defendant that recognizes the pending proceedings, with the exception of objecting to the courts jurisdiction, will [normally] constitute a general appearance. *Penny v. ABA Pharm. Co.,* 203 Mich. App. 178, 511 N.W.2d 896, 897 (Mich.Ct.App.1993); *see Ragnone v. Wirsing,* 141 Mich.App. 263, 367 N.W.2d 369, 370 (1985) (Two requirements must be met to render an act adequate to support the inference that there is an appearance:

(1) knowledge of the pending proceedings and (2) an intention to appear. (quoting *Rhodes v. Rhodes,* 3 Mich.App. 396, 142 N.W.2d 508, 511 (1966))); *Deeb v. Berri,* 118 Mich.App. 556, 325 N.W.2d 493, 496 (1982) (This Court has held that appear as it is used in default proceedings should be taken in its generic sense as any act of a party acknowledging jurisdiction of a court or invoking court action on his behalf. (quoting *Rhodes,* 142 N.W.2d at 510)). Thus, as an initial matter, we note a letter sent to the Michigan District Court that denies liability and asks for a jury trial is one means of making a general appearance in Michigan.

■ Our inquiry then becomes whether, under Michigan law, a corporation makes a general appearance when its president sends such a letter to the court.

According to Michigan law, [a] party who enters a general appearance and contests a cause of action on the merits submits to the courts jurisdiction. *Penny,* 511 N.W.2d at 897. A corporation named as a party in a Michigan lawsuit can only appear through an attorney. *Detroit Bar Ass'n v. Union Guardian Trust Co.,* 282 Mich. 707, 281 N.W. 432, 433 (1938) ("While an individual may appear in proper person, a corporation, because of the very fact of its being a corporation, can appear only by attorney, regardless of whether it is interested in its own corporate capacity or in a fiduciary capacity."); *Peters Production, Inc. v. Desnick Broadcasting Co.,* 171 Mich.App. 283, 429 N.W.2d 654, 655 (1988) ("An individual may appear in *propria persona;* a corporation, however, can appear only by attorney regardless of whether it is interested in its own corporate capacity or in a fiduciary capacity.").

After being served with a summons and complaint, Hughes responded to the suit by writing a letter to the Michigan District Court denying Seal Jet was a party to the lease and asking for a jury trial.

At the Michigan hearing, Fleet moved to strike Hughes' letter, arguing the letter did not constitute an appearance by the corporation and was void. The Michigan District Court agreed.

It stands to reason that a person who is legally incapable of representing a corporation in a court proceeding and whom the court refuses to recognize for that purpose cannot bind the

corporation by his actions. Although it may be true that Hughes intended to contest the merits of the lawsuit, it is inconsistent to state Hughes letter must be stricken from the court record because Hughes was not authorized to speak for the corporation, and the letter must be imputed to Seal Jet for purposes of determining if the corporation made a general appearance.

Once the letter was struck as not being an action of the corporation, there was no evidence of a general appearance by the corporation in the Michigan court proceedings. In addition, there is no indication in the record that the issue of personal jurisdiction has been previously litigated by Seal Jet. Thus, the circuit court erred by concluding res judicata precluded Seal Jet from raising the issue of personal jurisdiction as a defense in this proceeding.[2]

## CONCLUSION

For the foregoing reasons, the judgment of the court is **REVERSED**, and the case is **REMANDED** for further proceedings.

**REVERSED and REMANDED.**

**STILWELL and BEATTY, JJ., concur.**

---

2. Seal Jet also argues the circuit court erred by enrolling the Michigan judgment because the Michigan court did not have sufficient evidence to conclude Seal Jet was the same entity as American. This issue involves the merits of the case. Thus, we decline to rule on this issue. *See Hamilton v. Patterson,* 236 S.C. 487, 492, 115 S.E.2d 68, 70 (1960) ( [T]he full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based. (quoting *Milliken v. Meyer,* 311 U.S. 457, 462, 61 S.Ct. 339, 85 L.Ed. 278 (1940))).