2012 VT 35

## YANMAR AMERICAN CORPORATION v. CREAN EQUIPMENT COMPANY

[48 A.3d 602]

No. 11-387

¶ 1. May 7, 2012. Defendant Crean Equipment Co. appeals from a decision of the Superior Court, Rutland Unit, Civil Division, enforcing a foreign judgment in favor of Yanmar American Corp. On appeal, Crean argues that the superior court erred when it granted summary judgment to Yanmar based on the conclusion that Crean had waived its right to challenge personal jurisdiction. Because we agree that Crean waived its personal jurisdiction defense, we affirm.

¶ 2. Crean is a heavy equipment dealer located in Pittsford, Vermont. Yanmar is the United States importer of Yanmar construction equipment, parts, accessories, and maintenance items, which it distributes to independent dealers throughout the United States. In 2006 and 2008, Yanmar and Crean entered into dealer agreements pursuant to which Crean was required to purchase equipment from Yanmar and display it for sale in Vermont. In 2007, Crean bought several pieces of equipment from Yanmar and financed the purchases through a third party affiliated with Yanmar. In 2009, Crean fell upon hard financial times and defaulted on its loan. Yanmar subsequently repossessed the equipment pursuant to its contract with the third party financer and terminated its contract with Crean. Upon inspection of the equipment, it became clear to Yanmar that the equipment had been put to substantial use. Crean does not deny that the equipment was rented out. Based on the depreciated value of the repossessed equipment, Yanmar billed Crean $40,200, but Crean did not pay.

¶ 3. Yanmar then brought suit against Crean in Georgia pursuant to a forum-selection clause in the parties' contract, which provided in relevant part: "Any legal action arising out of or relating to this Agreement or the relationship between the parties shall be brought exclusively in a state or federal court located in Bartow County, Georgia, and the parties herby irrevocably waive any objection to venue in such court." The complaint alleged breach of contract and sought recovery of the lost value of the equipment. Crean's president, Timothy Crean, submitted to the Georgia court a motion to dismiss for failure to state a claim. See Ga. Code Ann. § 9-11-12(b)(6). No other motions were filed, and the court never acted on Mr. Crean's motion to dismiss. Because Crean never filed an answer to Yanmar's complaint, the Georgia court entered a default judgment against the company for $40,200 in April 2010. Crean did not seek reconsideration of the default judgment in Georgia, and it did not appeal.

¶ 4. In July 2010, Yanmar brought suit in Vermont seeking to enforce the Georgia judgment. It contended that the Full Faith and Credit Clause of the United States Constitution, U.S. Const. art. IV,

§ 1, required the court to enforce the Georgia order as a matter of law, and it asked the court for summary judgment. In response, Crean argued that the judgment was invalid because the Georgia court lacked personal jurisdiction. The superior court concluded that Crean had waived any personal jurisdiction defense by appearing in the Georgia action and granted summary judgment in favor of Yanmar. Crean has filed a timely appeal.

¶ 5. We review an order granting summary judgment "using the same standard as the trial court." *Stevens v. Stearns*, 2003 VT 74, ¶ 10, 175 Vt. 428, 833 A.2d 835. Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). As a general rule, a judgment from a sister state is "entitled to full faith and credit in the absence of a showing that that court lacked jurisdiction or acted to deprive defendant of a reasonable opportunity to be heard." *Wursthaus, Inc. v. Cerreta*, 149 Vt. 54, 58, 539 A.2d 534, 537 (1987). The party opposing enforcement of such an order bears a "heavy burden." *Hall v. McCormick*, 154 Vt. 592, 595, 580 A.2d 968, 970 (1990).

¶ 6. On appeal, Crean argues that the Georgia court lacked personal jurisdiction. We conclude that Crean submitted to the Georgia court's jurisdiction. Crean attempted to avail itself of the court's authority by filing a motion to dismiss, and it failed to challenge the court's jurisdiction. Accordingly, Crean has waived its right to challenge the court's jurisdiction, and we affirm the order of the superior court.

¶ 7. As the United States Supreme Court has stated, "A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. Due process requires that the defendant be given adequate notice of the suit and be subject to the personal jurisdiction of the court." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (citations omitted). It has also long been settled that an out-of-state defendant's "minimum contacts" with the forum state "must be such that maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.' " *Id.* at 292 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

¶ 8. These principles of due process are satisfied when a defendant attempts to make an appearance — as Crean did here — and tries to litigate the merits of the claim. See, e.g., *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 524 (1931)) (stating that due process confers "no right to litigate the same question twice"). See generally 18A Wright et al., Federal Practice & Procedure: Jurisdiction § 4430, at 40 (2d ed. 2002) ("A defendant who appears to litigate the merits without properly preserving an objection to personal jurisdiction forfeits the right to raise the objection in the initial proceeding and is bound by the resulting judgment."). If a defendant fails to challenge personal jurisdiction, the defendant waives such objections. See, e.g., *In re Grand Jury Proceedings*, 654 F.2d 268, 271 (3d Cir. 1981) ("As a general matter, personal jurisdiction may be acquired by a litigant's appearance or participation in the lawsuit. Moreover, objections to personal jurisdiction are waived if not timely asserted by motion or in the answer." (citations omitted)); *Dyer v. Surratt*, 466 S.E.2d 584, 587 (Ga. 1996) ("The defense of lack of personal jurisdiction must be raised before or at the time of pleading, and failure to raise the defense in the answer or by motion filed before or simultaneously with the answer constitutes a waiver of the defense."); *Harvard Trust Co. v. Bray*, 138 Vt. 199, 203, 413 A.2d 1213, 1215-16 (1980) ("We consider first the plaintiff's contention that the defense of lack of personal jurisdiction was waived because it was not asserted in timely

fashion. Vermont Rule of Civil Procedure 12(h)(1) does provide that a defense of lack of jurisdiction over the person is waived if not made by a motion to dismiss or presented in a responsive pleading."). See generally 18A Wright et al., *supra*, § 4430, at 44 ("A defendant who wishes to object to personal jurisdiction must raise the question in the first preliminary motion that is made, or must assert it by answer if no preliminary motion is made. Defense on the merits beyond that point without raising the objection results in waiver.").

¶ 9. In this case, Crean filed a pre-answer motion to dismiss with the Georgia court. This motion, however, did not raise any jurisdictional defenses. Crean did not make a special appearance to challenge personal jurisdiction, as permitted by Georgia law. See *Pettie v. Roberts*, 107 S.E.2d 657, 660 (Ga. 1959) ("[I]t is . . . well settled that a special appearance urging lack of jurisdiction is not a waiver as to jurisdiction of the court over the person . . . ."). Instead, Crean argued that substantive provisions of the dealer agreements could not be read in Yanmar's favor. The filing of this motion constitutes an appearance for the purposes of our personal jurisdiction analysis, regardless of its effect pursuant to Georgia's procedural rules. But see *Mack v. Smith*, 344 S.E.2d 474, 474 (Ga. Ct. App. 1986) (stating that a "pre-answer motion" is sufficient to "constitute an entry of appearance"). Because Crean sought substantive relief from the Georgia court and did not object to personal jurisdiction, it has waived its objection to personal jurisdiction.

¶ 10. This conclusion is unaffected by Georgia law concerning corporate representation. In Georgia and many other jurisdictions, a corporation must be represented by a licensed attorney. *Eckles v. Atlanta Tech. Group, Inc.*, 485 S.E.2d 22, 26 (Ga. 1997) ("In this state, only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record . . . ."); see generally *Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to [federal rules]."). Crean argues that Timothy Crean could not have entered an appearance on behalf of Crean because under Georgia law only a licensed attorney can represent a corporation. Thus, Crean argues, since his appearance was improper, it was not an appearance at all. But this procedural defect — while it may or may not nullify the legal effect of a pleading or motion — does not undermine the court's personal jurisdiction. Mr. Crean's participation in the lawsuit is sufficient to establish jurisdiction. Courts confronting this issue have recognized that a "'corporation will not be permitted to subsequently avoid an adverse decision because it appeared improperly by an agent and not an attorney-at-law.'" *United States v. Priority Products, Inc.*, 615 F. Supp. 593, 596 (Ct. Int'l Trade 1985) (quoting *Jardine Estates, Inc. v. Koppel*, 133 A.2d 1, 4 (N.J. 1957)); see also *Cohn v. Warschauer Sick Support Soc. Bnei Israel*, 19 N.Y.S.2d 742, 743 (App. Term 1940) ("Where the defendant appears and defends on the merits, it cannot move to set aside a judgment in favor of the plaintiff on the ground that it was not represented by attorney.").

¶ 11. While there is some contrary authority, these cases are distinguishable. In *Fleet Capital Leasing-Technology Finance v. Seal Jet of Carolinas, Inc.*, a South Carolina court considered whether a corporate defendant could challenge the enforcement of a Michigan judgment on the grounds that the Michigan court lacked personal jurisdiction. 594 S.E.2d 538, 539 (S.C. Ct. App. 2004). The corpo-

ration's president filed a letter with the Michigan court denying liability and requesting a jury trial. *Id.* Had this letter been submitted by a licensed attorney, it would have constituted a general appearance under Michigan law, but because the Michigan court struck the letter, the South Carolina court concluded that there was "no evidence of a general appearance by the corporation in the Michigan court proceedings." *Id.* at 541. Accordingly, the South Carolina court concluded that the issue of personal jurisdiction was not res judicata and could be relitigated. *Id.*; see also *Black Pearl v. Weid*, No. 09-592-PK, 2009 WL 4043419, at *4 (D. Or. Sept. 14, 2009) (finding no personal jurisdiction over corporate defendant where pleadings had to be struck according to Federal Rule of Civil Procedure 11(a) and therefore the corporation had "not filed a cognizable pleading and [had] not subjected itself to [the] court's personal jurisdiction"). In contrast, the Georgia court in this case never invalidated Mr. Crean's attempted appearance, and Yanmar never requested that it do so. Crean is trying to raise its own appearance defect in a self-serving attempt to get around the waiver caused by its court filing. The court entered default judgment against Crean because no answer had been filed. We hold that the appearance — even if it might have been invalidated if challenged — operated as a waiver of personal jurisdiction insofar as it was not invalidated.

¶ 12. Since the Georgia court had personal jurisdiction over Crean, we do not reach the question of whether the forum-selection clause in the parties' contract was sufficient to confer personal jurisdiction over Crean. Nor do we address any additional arguments on the merits of Crean's defense. The merits of a case cannot be relitigated once the foreign court's jurisdiction has been validated. See, e.g., *Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litiga-

tion of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."); see also 18A Wright et al., *supra*, § 4430, at 40 ("Objections to personal jurisdiction remain open to the defendant who remains entirely aloof from the original proceeding, but if it is later concluded that personal jurisdiction existed the merits of the action are foreclosed unless relief can be had from the default judgment.").

¶ 13. Crean's arguments on appeal do not satisfy the heavy burden of demonstrating that an order of another state court should not be given full faith and credit here in Vermont. Crean sought substantive relief from the Georgia court and presented its case. Having availed itself of that forum, albeit ineffectively, Crean cannot now complain against that court's jurisdiction. Accordingly, we affirm the superior court's grant of summary judgment.

*Affirmed.*