U.S. Equities Corp. v. Grush, No. 603-12-12 Wmcv (Wesley, J., Oct. 30, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
SUPERIOR COURT

| | |
|---|---|
| **U.S. Equities Corp.,**<br>**Plaintiff**<br><br>   **v.**<br><br>**John S. Grush,**<br>**Defendant.** | **Windham Unit, Civil Division**<br>**Docket No. 603-12-12 Wmcv** |

## OPINION & ORDER

On December 13, 2012, the Plaintiff brought this action, seeking to domesticate an out-of-state judgment against the Defendant. A hearing was held on this matter on October 15, 2013. The Plaintiff is represented by Attorney Alan S. Rome. The Defendant is representing himself.

**Facts**

1. On Motion for Default/Failure to appear Plaintiff was granted default judgment against Defendant by the Connecticut Superior Court, Danbury Judicial District, in the amount of $42,424.95 on Dec 5, 2011.

2. The Order makes no reference to any judicial consideration of the sufficiency of service.

3. The return of service in evidence states that process was served on Defendant on March 11, 2010, "by leaving a true and attested copy at the usual place of abode of John S. Grush at 29 Cherry St., Sandy Hook, CT."

4. There is no evidence of a judicial order approving substituted service by leaving process at the assumed residence of Defendant, as opposed to in hand with either Defendant or an adult representing that he resided at the residence with Defendant.

5. Plaintiff's business records include a LexisNexis search listing someone with Defendant's name at the 29 Cherry St, Sandy Hook address in October 2009. At the same time, the LexisNexis search includes another listing for someone with Defendant's name in West Dover, Vermont.

6. Plaintiff's business records include a VeriFacts printout of an inquiry on June 30, 2011, which purports to include facts verified from a conversation with Defendant's employer. The report establishes Defendant's employment at First Trax Sports Shop, 8 Mountain Park Plaza, West Dover, Connecticut, 06516. The report claims that the employer also verified Defendant's physical address as 29 Cherry St., Sandy Hook.

7. Defendant denies ever being served with Connecticut process. He denies knowing anything about the claim until he was served with the Connecticut judgment in Vermont shortly before being served with the instant suit to domesticate the Connecticut judgment.

8. Defendant acknowledges living at the 29 Cherry St. address for about two years until October 2009. He claims that he moved to Simsbury, Connecticut in October 2009 because of his employment there. He lived in Simsbury until moving to Vermont in or before April 2010.

9. Plaintiff's credible testimony was supported by a copy of a lease admitted in evidence for the Simsbury house demonstrating a lease term commencing October 2009, and by his application for a operator's license with the Vermont Department of Motor Vehicles made in April 2010 showing an address in West Dover, VT.

10. Defendant acknowledges working for First Trax Sports Shop in June 2011. However, he credibly testified that his place of employment was in West Dover, Vermont, not West Dover, Connecticut. Even were the Court to consider the VeriFacts printout (admitted without any objection by Defendant), the reliability of the "verification" of Defendant's physical address in Connecticut is seriously undermined by the obvious mistake in designating his place of employment as located in Connecticut instead of Vermont.


## Discussion

In general, another state's judgments are entitled to full faith and credit in Vermont. See *Yanmar Am. Corp. v. Crean Equip. Co.*, 2012 VT 35, ¶ 5, 191 Vt. 620. However, "[a]s the United States Supreme Court has stated, 'A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. Due process requires that the defendant be given adequate notice of the suit and be subject to the personal jurisdiction of the court.'" *Id.*, ¶ 7, quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). In the present case, as discussed below, Plaintiff has not demonstrated that service was properly effectuated upon the Defendant, and therefore the judgment is not entitled to full faith and credit.

Vermont courts have accepted out-of-state judgments where the out-of-state court considered and determined service had been appropriate. In 1971, the Vermont Supreme Court found that a statement from a Nevada court that the defendant had been "duly and regularly served with process" created "a prima facie presumption in favor of the validity of the Nevada proceedings, and entitled such proceeding to full faith, credit and comity, unless otherwise disproved.." *Ford v. Franklin*, 129 Vt. 114, 120–121 (1971). Similarly, in 1989, the Vermont Supreme Court found that where service clearly was made based on the record, there was no reason to deny full faith and credit to the judgment. *Lueders v. Lueders*, 152 Vt. 171, 172 (1989).

In this case, the Plaintiff argues that service was made according to the Connecticut Superior Court's civil rules, which permit service to be effectuated by leaving a copy of the complaint at the last known address of a defendant. The Defendant argues he never received service, and that if there was an attempt to make service at 29 Cherry St., Sandy Hook,

2

Connecticut, this was not his address at the time. Based upon the record, the Court concludes that as of March 11, 2010, the date of the purported service of the Connecticut complaint on Defendant, he had not resided at 20 Cherry St. in Sandy Hook for more than five months, although this was his immediate past address before moving to the Simsbury, CT leased home. At this time, it is likely that Defendant had not yet left Connecticut for Vermont, yet Plaintiff failed to determine his then current address.

While Connecticut does permit service to be effectuated by delivering the appropriate paperwork to the defendant's "usual place of adobe," see Connecticut General Statutes § 52-54, Connecticut's courts require that the address be the correct present residence. *Hibner v. Bruening*, 828 A.2d 150, 155 (Conn. App. 2003) ("Abode service is not effective if it is left at an address that is not the usual address of the party to be served, and an action commenced by such improper service must be dismissed"). Where the defendant had moved away a few days before service was left at his former residence, it was held that the court had no jurisdiction over him, as service was improper. *Frisco v. Frisco*, No. J-1136, 13 Conn. Supp. 412, 1945 WL 620, *2 (Conn. Super. 1945). Here, where there is no evidence in the record that the Connecticut court inquired into service, and there is credible evidence that the Defendant no longer resided at the 29 Cherry St., Sandy Hook address at the time of the service, the service was not properly effectuated under the Connecticut rules and the judgment is not entitled to full faith and credit.

**WHEREFORE** it is hereby **ORDERED:** The complaint to domesticate an out-of-state judgment fails for lack of proof that Defendant was properly served, and judgment is entered for DEFENDANT.

Dated at Newfane this            day of                        , 2013.


_____

John P. Wesley
Civil Division Judge

3