VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No.  21-ENV-00006



| Ludlow v. Guldi |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss
Filer:        George O. Guldi
Filed Date:    September 27, 2021

Motion is **DENIED**.

Respondent George O. Guldi owns the property located at 15 Bowker Court in Ludlow, VT that is the subject of this municipal enforcement action.  The municipality (Plaintiff) bringing the enforcement action has been inconsistently named as either the Town of Ludlow or the Village of Ludlow in initial pleading documents.  The party listed as "plaintiff" in the caption of the summons and in the notice of appearance forms is the "Town of Ludlow," while the "Village of Ludlow" signed and requests relief in the complaint.  Respondent appears pro se, and Plaintiff is represented by Attorney Stephen S. Ankuda.

Respondent seeks to dismiss the action because of this discrepancy, asserting that he was served by the Town of Ludlow but that the Town lacks standing to bring the action.  Respondent additionally requests dismissal for lack of personal jurisdiction because he was not served by the Village of Ludlow, and for failure to state a claim under V.R.C.P. 12(b)(6).

Whether a party has standing goes to a court's subject-matter jurisdiction.  Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235.  We consequently evaluate this portion of Respondent's motion under the standard applicable to V.R.C.P. 12(b)(1).  When reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1),  the Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party.  Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

Respondent argues that the Town of Ludlow does not have standing to bring this action against him because his property is located in the Village of Ludlow and the alleged violations are of the Village Ordinance.  This argument is premised on Respondent's claim that the action was

commenced by the Town of Ludlow because Town is named in Attorney Ankuda's notice of appearance and is listed as "plaintiff" in the caption for the summons. Plaintiff responds by asserting that the complaint establishes the Village of Ludlow as the party bringing the action to enforce its ordinance.

The Court finds that discrepancies in the way Plaintiff has been named in initial pleading documents do not amount to a reason for dismissal. The complaint clearly positions the Village of Ludlow as the party seeking relief for violations of the Village Ordinance regulating the storage of junk and junk vehicles. See Complaint to Enforce Municipal Ordinance Violation, filed Feb. 2, 2021 ("the Village of Ludlow requests this Court: issue a fine in the amount of . . ."). Regardless of confusion over the way the matter has been captioned, there is no genuine confusion over which property is subject to the enforcement action or that Respondent owns the subject property. The complaint gives Respondent sufficient notice of the substance of the action by specifying that it concerns violations of the Village Ordinance regulating the storage of junk and junk vehicles on his property at 15 Bowker Court. Respondent does not cite any prejudice resulting from the naming issue other than delay, which the Court does not find persuasive considering that most of the time that has passed since Plaintiff filed the action can be attributed to Respondent's attempt to remove the case to Federal Court on other issues.

There is no standing issue here because, as the complaint makes clear, the Village of Ludlow is enforcing the Village Ordinance. Any references to the Town of Ludlow in the caption of the summons and the notice of appearance forms did not prejudice Respondent nor prevent him from receiving notice of the substance of the action. Even if the Court were to find that the action had been commenced by the Town of Ludlow and that that Town was the wrong party to bring the suit, such an error could be corrected without dismissal under Rule 17. See V.R.C.P. 17(a) ("[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification"); Korda v. Chicago Insurance Co., 2006 VT 81, ¶ 16, 180 Vt. 173.

Unlike objections to standing which can be raised at anytime, Bishoff, 2008 VT 16, ¶15, objections to personal jurisdiction are more limited. Issues related to personal jurisdiction are waived if not raised in the answer or in a motion filed before or along with the answer to the complaint. Yanmar American Corp. v. Crean Equipment Co., 2012 VT 35, ¶ 8, 191 Vt. 620. Additionally, a party's appearance can give the court personal jurisdiction, as "[t]he principles of due process are satisfied when a defendant attempts to make an appearance . . . and tries to litigate the merits of the claim." Id. Respondent challenges personal jurisdiction for the first time in this motion, which he filed months after his notice of appearance and his answer with counterclaims. Respondent has waived his objection to personal jurisdiction and the Court does not need to consider the argument further.

Lastly, Respondent asserts that Plaintiff has failed to state a claim on which relief can be granted. Such requests for dismissal under 12(b)(6) only granted if it is "beyond doubt that there

exist no facts or circumstances that would entitle the plaintiff to relief." <u>Colby v. Umbrella, Inc.</u>, 2008 VT 20, ¶ 5, 184 Vt. 1 (internal citation omitted). The Court accepts the factual allegations in the complaint as true and "assume[s] that the movant's contravening assertions are false." <u>Alger v. Dep't of Labor & Industry</u>, 2006 VT 115, ¶ 12, 181 Vt. 309.

Plaintiff alleges violations of the Village Ordinance regulating the outdoor storage of junk and junk vehicles. Respondent disputes Plaintiff's claim on a factual basis in his motion, arguing that he is not maintaining a junkyard on his property because he is not buying or selling junk and because items and vehicles on his property do not meet the regulatory definitions or limits. He also argues that the conditions on his property change daily and do not meet those depicted in the exhibits attached to the complaint. Such fact-based arguments do not support a 12(b)(6) motion, which is intended to test the "law of the claim, not the facts," as the court takes Plaintiff's factual allegations as true for the purposes of the motion. <u>Powers v. Office of Child Support</u>, 173 Vt. 390, 395 (2002). Additionally, even if the violations are not ongoing, Plaintiff can bring an action to address prior violations that have ceased. See <u>In re Cote NOV</u>, Nos. 273-11-06 Vtec, 165-8-07 Vtec, slip op. at 3 (Vt. Envtl. Ct. Dec. 5, 2007) (Durkin, J.) (noting "remedial acts do not make . . . past zoning transgressions evaporate" so "violators who have cured may nonetheless be found to owe civil fines for their past violations" under 24 V.S.A. § 4451). It is not beyond a doubt that Plaintiff could establish facts or circumstances entitling it to relief.

For the foregoing reasons, the Court **DENIES** Respondent George Guldi's motion to dismiss. The Court retitles the matter Ludlow v. Guldi for clarity purposes.

Electronically Signed: 1/10/2022 at 12:30 PM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division